IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM PIERRE,                          §
(Parker County No. 14-72873),            §
                                         §
            Plaintiff,                   §
                                         §
v.                                       §        Civil Action No. 4:22-cv-918-O
                                         §
PARKER COUNTY JAIL, et al.,              §
                                         §
            Defendants.                  §

ORDER AND NOTICE OF DEFICIENCY
(With special instructions to the Clerk of Court)

On October 12, 2022, Parker County Jail inmate/Plaintiff William Pierre filed a handwritten document docketed as a civil complaint. Compl., ECF No. 1 The case was randomly assigned to this the "O" docket of the undersigned judge.

The Prison Litigation Reform Act (PLRA) does allow a prisoner to bring a civil action without *prepayment* of fees or security, but a prisoner seeking to proceed under the in-forma-pauperis statute is still required to "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).[1] In order to obtain this payment, the Court is first required to assess and collect an initial partial filing fee. *See* 28 U.S.C. §1915(b)(1). The statute also requires prisoners thereafter to pay the balance of the full filing fee through withdrawals from their inmate account. The statute also requires a prisoner to provide to the Court both an in-forma-pauperis (IFP) application and a certificate of inmate trust account for the six months preceding the date of filing, and Plaintiff has failed to do so. Thus, if the prisoner plaintiff wishes to maintain this suit, he must either provide an IFP application (which will result in a fee collection from his inmate account) or pay the applicable fees.

Furthermore, the Court notes that to the extent Plaintiff seeks to maintain a new civil lawsuit over incidents arising during his confinement or challenging the conditions of his confinement, he has not presented this suit on the completed form as required by the miscellaneous orders of this

---

[1]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee of $52.00 for filing a civil action in district court. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14. This results in a total fees of $402 for a civil action. Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, however, only the $350 filing fee will be deducted from the prisoner's account. The $52 administrative fee will not be deducted.

Court.[2] Thus, he has failed to provide answers to important questions, and to acknowledge sanctions warnings that are included in the form. If Plaintiff wishes to maintain this suit, he must correct this deficiency by providing a properly completed complaint form.

It is therefore **ORDERED** that the Clerk of Court shall take the following indicated action:

(X)    A copy of this order shall be mailed to Plaintiff. No further process shall issue except upon order of the Court.

(X)    A form application to proceed *in forma pauperis* (with cause number thereon) shall be mailed to Plaintiff along with a certificate of inmate trust account for completion and return to the Clerk of Court within the time period set forth below.

(X)    A prisoner civil complaint form (with cause number thereon) shall be mailed to Plaintiff for completion and signature, and then return to the Clerk of Court within the time set forth below.

It is further **ORDERED** that, if Plaintiff wishes to maintain this lawsuit, he shall cure each aforementioned deficiency within thirty (30) days of the date of this order. Failure to timely comply with this order could result in the dismissal without prejudice of Plaintiff's complaint without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[3]

**SO ORDERED** this **13th day** of **October, 2022.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2]Miscellaneous Order No. 14 requires complaints filed in this district by a state or federal prisoner alleging civil rights violations to be submitted on the Court's form complaint.

[3]*See Hickerson v. Christian*, 283 F. App'x 251 (5th Cir. 2008) (A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.,* 370 U.S. 626 (1962) (a court may dismiss for lack of prosecution under its inherent authority).